UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

VERNON JONES, et al.,

    Petitioners,

v.

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

    Respondents.

20-CV-361
ORDER

On March 25, 2020, the petitioners, civil immigration detainees held in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF"), filed an "Emergency Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Injunctive Relief." Docket Item 1. The following day, the petitioners filed a motion for a temporary restraining order ("TRO"). *See* Docket Item 8. The petitioners allege that their continued civil detention in the wake of the COVID-19 pandemic violates their substantive rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, and they seek their immediate release from ICE custody. Docket Item 1 at 23-24. Each petitioner is "either over the age of fifty and/or [has] a serious underlying medical condition, making [him] more vulnerable to complications arising from COVID-19." *Id.* at 4. On March 31, 2020, this Court held oral argument on the TRO. *See* Docket Item 43.

On April 2, 2020, this Court granted the petitioners' motion for a TRO in part and denied it in part. Docket Item 44. More specifically, the Court found that holding the

petitioners in the then-current conditions at BFDF during the COVID-19 epidemic violated their substantive Due Process rights to reasonably safe conditions of confinement. *Id.* at 14-27. But it was "not convinced" that release was the appropriate remedy—at least at that juncture. *Id.* at 30-31. Instead, the Court ordered the respondents to provide those petitioners who are vulnerable individuals, as defined by the Centers for Disease Control and Prevention ("CDC"), with a living situation that facilitates "social distancing." *Id.* at 31-32.

On April 3, 2020, Captain Abelardo Montalvo, M.D., informed the Court that he had identified 13 petitioners as meeting the CDC's definition of vulnerable individuals. Docket Items 45, 47. On April 4, 2020, respondent Jeffrey Searls, Officer in Charge of BFDF, attested that, of those 13 petitioners, 8 were provided with their own cells. *Id.* at 48. The remaining 5 petitioners were placed in dormitory units and given "[b]eds . . . adjoined by vacant beds to ensure social distancing of detainees in the beds, as far as practicable." *Id.* at 2-3. These individuals could not be placed in their own cells because "BFDF has to abide by certain rules with respect to detainee populations. Specifically, Performance-Based National Detention Standards mandate that low level detainees not be housed with high and medium-high level criminal detainees." Docket Item 47 at 5. One of the three individual-cell units at BFDF is reserved for quarantining incoming detainees; the remaining two are reserved for high- and medium-high-level detainees and therefore not available to house low-level individuals such as petitioners Concepcion, Falodun, Sow, Adelakun, and Nwankwo. *Id.*

Captain Montalvo also represented that all 13 vulnerable petitioners would be afforded the following "social distancing" measures:

2

> a. Maintaining a distance of 6 feet between individuals;
>
> b. Providing space at meal time so that each detainee can remain 6 feet away from any other detainee, and allowing detainees to eat at their beds for maximum distancing;
>
> c. Pre-screening all visitors to the housing units (which will consist solely of BFDF staff) by taking temperatures and seeing if the person is exhibiting flulike symptoms;
>
> d. Providing for individual cells and/or beds with 6 feet of separation between each bed;
>
> e. Providing outdoor recreation in areas allowing for detainees to maintain 6 feet of separation from any other detainee.

Docket Item 45 at 2. On April 4, 2020, respondent Searls "confirm[ed]" that these measures "ha[ve] been implemented to the fullest extent possible." Docket Item 47 at 1.

One April 7, 2020, the Court again held argument on the TRO. The Court found that housing any vulnerable individuals in a dormitory-style setting is insufficient to remedy the previously-identified Due Process violations. It also found that because the petitioners' constitutional rights under the Due Process Clause outweigh the respondents' purported interests in meeting the "Performance-Based National Detention Standards," low-level petitioners should be housed in the high- and medium-high-level-detainee units to the extent doing so would not otherwise endanger those individuals. The Court concluded by noting the vagueness of respondent Searls's declaration that the respondents were facilitating "social distancing" measures "to the fullest extent possible" and "as far as practicable." *See* Docket Item 47 at 1-3. It therefore ordered the respondents to provide clarification on several outstanding issues.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that **on or before April 8, 2020, at 5:00 p.m.**, the petitioners shall file and serve an affidavit from Captain Montalvo or another qualified individual (1) opining whether individuals with epilepsy and/or those who are over 50 years of age and confined to detention facilities similar to BFDF meet the CDC's criteria for vulnerable individuals and explaining the reasons for that conclusion , (2) detailing the types and quantities of personal protective equipment ("PPE") available to the vulnerable petitioners, and (3) detailing the types of PPE available to staff who interact with the vulnerable petitioners; and it is further

ORDERED that **on or before April 8, 2020, at 5:00 p.m.**, the petitioners shall either (a) file and serve an affidavit from respondent Searls or another qualified individual confirming that petitioners Concepcion, Falodun, Sow, Adelakun, and Nwankwo have been placed in individual cells and that all vulnerable petitioners have been allowed to practice the "social distancing" measures identified in Captain Montalvo's April 3, 2020 affidavit; or (b) show cause why this Court should not order the petitioners to immediately reduce the detainee population to a level that would facilitate such actions; and it is further

ORDERED that **on or before April 8, 2020, at 5:00 p.m.**, the petitioners also may submit additional affidavits to this Court supporting their claims that BFDF is unable to comply with this Court's orders in this matter; and it is further

ORDERED that the parties shall appear by telephone for **argument on April 9, 2020, at 10:00 a.m.**

SO ORDERED.

Dated: April 7, 2020
Buffalo, New York

*/s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE