UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

SHANE RAMSUNDAR, et al.,

       Petitioners,

     v.                                                      20-CV-402
                                                              ORDER

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

       Respondents.

_____

VERNON JONES, et al.,

       Petitioners,

     v.
                                                              20-CV-361
CHAD WOLF, Acting Secretary, U.S.                             ORDER
Department of Homeland Security, et al.,

       Respondents.

_____

     Before this Court are the petitioners' motions to convert certain temporary

restraining orders (TRO) into preliminary injunctions (PI).  *Jones v. Wolf*, No. 20-CV-

361, Docket Item 88; *Ramsundar v. Wolf*, No. 20-CV-402, Docket Item 26.  For the

reasons that follow, those motions are granted.

## BACKGROUND

The petitioners in these two actions are 23 civil immigration detainees[1] held in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF"). They have filed "Emergency Petition[s] for Writ[s] of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint[s] for Injunctive Relief." *Jones*, Docket Item 1; *Ramsundar*, Docket Item 1. They also filed motions for TROs. *See Jones*, Docket Item 8; *Ramsundar*, Docket Item 2. In both cases, the petitioners alleged that their continued civil detention in the wake of the COVID-19 pandemic violated their substantive rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, and they sought their immediate release from ICE custody. *Jones*, Docket Item 1 at 23-24; *Ramsundar*, Docket Item 1 at 20. According to the petitions, each petitioner was "either over the age of fifty and/or [had] a serious underlying medical condition, making [him or her] more vulnerable to complications arising from COVID-19." *Jones*, Docket Item 1 at 43; *Ramsundar*, Docket Item 1 at 4.

On April 2, 2020, this Court found that holding vulnerable individuals, as defined by the Centers for Disease Control and Prevention ("CDC"), in the then-current conditions at BFDF during the COVID-19 epidemic violated their substantive Due Process rights to reasonably safe conditions of confinement. *Jones v. Wolf*, No. 20-CV-361, 2020 WL 1643857, at *14-27 (W.D.N.Y. Apr. 2, 2020). The Court ordered the

---

[1] The Court previously dismissed as moot the petitions of *Jones* petitioners Rahmee, Adelakun, and Nwankwo, and *Ramsundar* petitioner Cedeno-Larios, because ICE had released them. *See Jones*, Docket Item 71 at 5-6; *Ramsundar*, Docket Item 12 at 5-6.

respondents to provide petitioners who met the CDC's vulnerability criteria with a living situation that facilitates "social distancing." *Id.* at *31-32; *see also Ramsundar*, Docket Item 4 at 2. If the respondents did so, the violation would be rectified and judicially-ordered release would not be necessary. *Jones*, 2020 WL 1643857, at *14-15.

The respondents' medical expert, Captain Abelardo Montalvo, M.D., has identified eleven of the twenty *Jones* petitioners (Adelakun, Blackman, Brathwaite, Commissiong, Concepcion, Espinal-Polanco, Falodun, Forbes, Harsit, Lainez Mejia, Nwankwo, Quintanilla-Mejia, and Sow) and two of the three *Ramsundar* petitioners (Gomatee Ramdundar and Shane Ramsundar) as meeting the CDC criteria. *See Jones*, Docket Item 45 at 4-5; *Ramsundar*, Docket Item 6-2 at 8. But he found that *Jones* petitioners Donga, Jules, Bhuyan, Cherry, Narain, Salcedo, Thomas, and Wilson, as well as *Ramsundar* petitioner Antonio Espinoza, do not meet these criteria. *See Jones*, Docket Item 45 at 5-6; *Ramsundar*, Docket Item 6-2 at 8.

As of April 9, 2020, nine of the thirteen vulnerable *Jones* petitioners (Blackman, Commissiong, Harsit, Lainez Mejia, Brathwaite, Espinal-Polanco, Forbes, Quintanilla-Mejia, and Sow) had been provided with their own cells; but two (Concepcion and Falodun) remained in a communal-living situation under quarantine. *Jones*, Docket Item 47 at 2-3, Docket Item 59 at 3. One of the two vulnerable *Ramsundar* petitioners (Shane Ramsundar) had been provided his own cell; but one (Gomatee Ramsundar) remained in a communal-living situation because BFDF had no individual cells for female detainees. *Ramsundar*, Docket Item 6-3 at 23-4, Docket Item 10 at 5-7.

On April 9, 2020, this Court ruled on the petitioners' motions for TROs. Because petitioners Donga, Jules, Bhuyan, Cherry, Narain, Salcedo, Thomas, and Wilson, as

3

well as *Ramsundar* petitioner Antonio Espinoza, did not meet the CDC criteria for COVID-19 vulnerability, the Court found that the respondents were not acting with deliberate indifference to their medical needs and consequently denied their motions. *See Jones*, Docket Item 71 at 6; *Ramsundar*, Docket Item 12 at 6.  It did not reach the issue of deliberate indifference with respect to *Jones* petitioner Cherry and *Ramsundar* petitioner Antonio Espinoza, as the respondents had provided both individuals with individual cells, but the Court otherwise denied their motions for release.  *See Jones*, Docket Item 71 at 6-7; *Ramsundar*, Docket Item 12 at 6-7.

The Court also found that because *Jones* petitioners Brathwaite, Blackman, Commissiong, Concepcion, Espinal-Polanco, Falodun, Forbes, Harsit, Lainez Mejia, Quintanilla-Mejia, and Sow, as well as *Ramsundar* petitioners Gomatee Ramsundar and Shane Ramsundar, met the CDC vulnerability criteria, it would constitute a denial of Due Process for the respondents not to facilitate certain "social distancing" measures for these petitioners.  *See* Docket Item 71 at 7-8; *Ramsundar*, Docket Item 12 at 7-8. By providing *Jones* petitioners Brathwaite, Blackman, Commissiong, Espinal-Polanco, Forbes, Harsit, Lainez Mejia, Quintanilla-Mejia, and Sow, as well as *Ramsundar* petitioner Shane Ramsundar, with their own cells, among other accommodations, however, the respondents sufficiently facilitated social distancing, and so the release of those petitioners was not warranted.  *Id.*  The Court therefore granted those petitioners' motions in part and temporarily enjoined the respondents from denying them specified

4

"social distancing" and protective measures.  *See* Docket Item 71 at 11-12; *Ramsundar*, Docket Item 12 at 11-12.

But the respondents' actions with respect to *Jones* petitioners Concepcion and Falodun and *Ramsundar* petitioner Gomatee Ramsundar—all of whom remained in communal-living situations—were insufficient.  *Jones*, Docket Item 71 at 8-11; *Ramsundar*, Docket Item 12 at 8-11.  The Court therefore ordered the respondents "to either provide Concepcion, Falodun, and Gomatee Ramsundar with their own individual cells by 5:00 p.m. [on April 9, 2020,] or release them in consultation with their counsel." *Jones*, Docket Item 71 at 12; *Ramsundar*, Docket Item 12 at 12.  The Court noted the extraordinary nature of this remedy but found it necessary in light of the rapidly devolving public health crisis.  It cautioned, however, that "[b]ecause the Due Process violation at issue [was] not permanent, the remedy ordered . . . similarly [would not be] permanent."  *Jones*, Docket Item 71 at 9 n.3; *Ramsundar*, Docket Item 12 at 9 n.3. "Any release ordered . . . [would] appl[y] for the fourteen days of this TRO.  After that, the Court [would] consider the appropriate length of time to enjoin the respondents from re-detaining any released petitioners."  *Id.*  The Court concluded by ordering the parties to show cause on or before April 24, 2020, why the TRO should not be converted into a preliminary injunction ("PI").  *Jones*, Docket Item 71 at 12; *Ramsundar*, Docket Item 12 at 12.

On April 24, 2020, both sides responded to the show cause order.  The petitioners argued that the TRO should be converted into a PI with certain modifications. *See Jones*, Docket Item 88; *Ramsundar*, Docket Item 26.  They submitted affidavits and declarations about current conditions at BFDF.  *See Jones*, Docket Items 75-82, 85, 88-

1; *Ramsundar*, Docket Items 23 and 24.  The respondents opposed conversion of the

TRO into a PI and argued that the TRO instead either should be lifted entirely or merely

extended 60 rays.  *See Jones*, Docket Item 84; *Ramsundar*, Docket Item 22.  The

parties also reported that the respondents have released Gomatee Ramsundar, *see*

*Ramsundar*, Docket Item 26, but placed Concepcion and Faladun in individual cells

within BFDF's Special Housing Unit ("SHU"), *see Jones*, Docket Item 88 at 18.

In light of the government's opposition, this Court extended the TRO for an

additional seven days, until May 1, 2020, and took the parties' submissions under

advisement.  *See Jones*, Docket Item 86; *Ramsundar*, Docket Item 25.

## DISCUSSION

Having considered the parties' arguments, this Court converts the TRO into a PI.

*See also Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008) ("[T]he standard

for an entry of a TRO is the same as for a preliminary injunction.").  With respect to the

non-vulnerable petitioners, the CDC's guidance has not been amended to include any

of their medical conditions or to lower the age below 65.  *See People who are at higher*

*risk for severe illness*, Ctrs. for Disease Control and Prevention (Apr. 23, 2020),

https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-

risk.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%

2F2019-ncov%2Fspecific-groups%2Fhigh-risk-complications.html.  And with respect to

the vulnerable petitioners, if anything, the measures previously ordered have become

even more critical.  As of April 20, 2020, 46 of the 319 detainees confined at BFDF had

tested positive for COVID-19.  *See Jones*, Docket Item 74 at 2; *Ramsundar*, Docket

Item 21 at 2.  Most cases were found among detainees housed in one of the communal-living situations this Court found inadequate to protect the vulnerable petitioners.  *Id.*

So the question now is the appropriate length of time to enjoin the respondents' actions.  This Court's order in *Jones* identified the Due Process violation as deriving from the fact that the social distancing "measure[s] that the government has forcibly—under threat of civil penalties—*imposed* on all persons within its jurisdiction cannot, at the same time, be forcibly denied to some portion of that population."  2020 WL 1643857, at *12.  This Court focused in particular on the fact that the Governor of New York, Andrew Cuomo, had "taken a number of *unprecedented* steps," including "closing . . . all schools and universities, as well as nearly all businesses and places of public accommodation, and . . . prohibit[ing] non-essential gatherings of any size through at least April 15, 2020."  *Id.* at *11 (alteration in original) (citation and footnote omitted).

The petitioners urge this Court to not use "us[e] any benchmark to lift the preliminary injunction that would be based on the actions of a political official," in light of "the number of U.S. states rescinding or modifying emergency orders due to economic priorities rather than adherence to the advice of public health experts."  *See Jones*, Docket Item 88 at 29.  They ask this Court, instead, to maintain the PI until 21 days after both of the following milestones have been achieved: (1) the Secretary of Health and Human Services[2] "lifts [his] declaration that COVID-19 is a public health emergency" and (2) "all detainees at BFDF who have been infected are cleared as recovered by a doctor."  *Id.* at 30.  Alternatively, they suggest, the PI could be lifted when all detainees

---

[2] The petitioners refer to the CDC but, in fact, the Secretary of Health and Human Services is vested with the statutory authority to declare a public health emergency. *See* 42 U.S.C. § 246d(a).

have received a COVID-19 vaccination approved by the Food and Drug Administration. *Id.*

Because the Due Process violation at issue stems from the government's failure to afford protections commensurate to those otherwise mandated by executive officials, the remedy similarly must rest on that basis.  Since this Court ordered the TRO, Governor Cuomo has extended the emergency declaration and closure orders through May 16, 2020.  *See* N.Y. Exec. Order No. 202.18 (Apr. 16, 2020), https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.18.pdf. The Governor has not committed to any specific action after that date, but he has indicated that efforts to reopen daily life will be slow and progressive.  *See, e.g.*, Rich McKay & Brendan O'Brien, *More U.S. states make plans to reopen; California holds firm*, Reuters (Apr. 22, 2020), https://www.reuters.com/article/us-health-coronavirus-usa/trump-says-states-reopening-safely-but-new-yorks-cuomo-warns-against-acting-stupidly-idUSKCN2241XD.  The United States Department of Health and Human Services' public health emergency declaration also remains in place.  *See* Alex M. Azar II, Secretary of Health and Human Svcs., *Renewal of Determination That a Public Health Emergency Exists*, U.S. Dept. of Health & Human Svcs. (Apr. 21, 2020), https://www.phe.gov/emergency/news/healthactions/phe/Pages/covid19-21apr2020.aspx.

The terms of the PI therefore shall extend, at a minimum, through May 16, 2020. But the Court need not definitively resolve the appropriate parameters or time frame for lifting the preliminary injunction at this point.  A preliminary injunction is just that—an initial measure taken before entry of a final order.  That legal framework applies

regardless of whether the injury results from a persistent or temporary condition. Accordingly, this Court will convert the TRO into a PI but also orders the parties to propose, for each petitioner, the appropriate scope of the final habeas relief in this matter under *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008)—including the appropriate length and terms of, and criteria for lifting, a final injunction.  If in the meantime the guidance of federal and state officials or the conditions at BFDF change materially, either party may move this Court after May 16, 2020, to alter or lift the preliminary injunction.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the motions for PIs of *Jones* petitioners Donga, Jules, Bhuyan, Narain, Salcedo, Thomas, and Wilson are DENIED; and it is further

ORDERED that the motions for PIs of *Jones* petitioner Cherry and *Ramsundar* petitioner Antonio-Espinoza *Ramsundar* are DENIED to the extent they seek immediate release and DENIED as moot to the extent they seek an order requiring the petitioners to facilitate their taking alternative "social distancing" measures; and it is further

ORDERED that the motions for PIs of *Jones* petitioners Blackman, Brathwaite, Commissiong, Concepcion, Espinal-Polanco, Falodun, Forbes, Harsit, Lainez Mejia, Quintanilla-Mejia, and Sow and *Ramsundar* petitioner Shane Ramsundar are GRANTED IN PART and DENIED IN PART; and it is further

ORDERED that the respondents are preliminarily enjoined from denying any of the following "social distancing" and other protective measures to *Jones* petitioners Blackman, Brathwaite, Commissiong, Espinal-Polanco, Forbes, Harsit, Lainez Mejia,

Quintanilla-Mejia, and Sow, and *Ramsundar* petitioner Shane Ramsundar: placement in single-occupancy cells; accommodation to eat meals in those cells and to bathe and shower in isolation; the provision, without charge, of sufficient shower disinfectant, masks, and ample soap; and the requirement that all BFDF staff and officers wear masks *whenever* interacting with these petitioners; and it is further

ORDERED that the motion for a PI of *Ramsundar* petitioner Gomatee Ramsundar is CONDITIONALLY GRANTED; the respondents are preliminarily enjoined from detaining this petitioner for civil immigration purposes unless the respondents can provide her with the "social distancing" measures detailed above; and it is further

ORDERED that at any time after May 16, 2020, either party may move to lift the preliminary injunction based on new developments and evidence; and it is further

ORDERED that the respondents shall provide this Court with a status update within 48 hours, and every 7 days thereafter, that details: (1) the conditions of confinement for each vulnerable petitioner (cell occupancy, meal and bathing accommodations, soap and mask provision, and officer and staff mask use); (2) the total number of infected and hospitalized BFDF detainees, including any who subsequently were transferred out of BFDF; (3) the total number of infected BFDF ICE officers and non-government staff members; and (4) for each unit, the total number of infected detainees, officers, and staff (disaggregated) who have lived or worked in that unit in the past 14 days; and it is further

ORDERED that within 30 days of the date of this order, the petitioners shall file and serve a memorandum of law addressing, for each petitioner, the appropriate scope of the final habeas relief in this matter; the respondents shall have 7 days to respond; and the petitioners shall have 3 days to reply; the Court will schedule oral argument at a later time if necessary.


      SO ORDERED.

Dated:      April 27, 2020
             Buffalo, New York


                                */s/ Hon. Lawrence J. Vilardo*
                                LAWRENCE J. VILARDO
                                UNITED STATES DISTRICT JUDGE