UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHANE RAMSUNDAR, et al.,

        Petitioners,

        v.

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

        Respondents.

20-CV-402
ORDER

---

VERNON JONES, et al.,

        Petitioners,

        v.

CHAD WOLF, Acting Secretary, U.S.
Department of Homeland Security, et al.,

        Respondents.

20-CV-361
ORDER

---

        The petitioners in these two actions are 22 civil immigration detainees[1] held in the custody of the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF").  They have filed "Emergency Petition[s] for Writ[s] of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint[s] for Injunctive Relief."  *Jones v. Wolf*, No. 20-CV-361, Docket Item 1; *Ramsundar v. Wolf*, No. 20-CV-402, Docket Item 1.  In both

---

[1] The Court previously dismissed as moot the petitions of *Jones* petitioners Adelakun, Commissiong, Lainez Mejia, Nwankwo, and Rahmee, and *Ramsundar* petitioner Cedeno-Larios, because ICE had released them.  *See Jones*, Docket Items 92, 107; *Ramsundar*, Docket Item 29.

cases, the petitioners alleged that their continued civil detention in the wake of the COVID-19 pandemic violated their substantive rights under the Due Process Clause of the Fifth Amendment to the United States Constitution, and they sought their immediate release from ICE custody.  *Jones*, Docket Item 1 at 23-24; *Ramsundar*, Docket Item 1 at 20.  According to the petitions, each petitioner was "either over the age of fifty and/or [had] a serious underlying medical condition, making [him or her] more vulnerable to complications arising from COVID-19."  *Jones*, Docket Item 1 at 43; *Ramsundar*, Docket Item 1 at 4.

On April 2, 2020, this Court found that holding vulnerable individuals, as defined by the Centers for Disease Control and Prevention ("CDC"), in the then-current conditions at BFDF during the COVID-19 pandemic violated their substantive Due Process right to reasonably safe conditions of confinement.  *Jones v. Wolf*, No. 20-CV-361, 2020 WL 1643857, at *14-27 (W.D.N.Y. Apr. 2, 2020).  The Court ordered the respondents to provide petitioners who met the CDC's vulnerability criteria with a living situation that facilitates "social distancing."  *Id.* at *31-32; *see also Ramsundar*, Docket Item 4 at 2.  If the respondents did so, the violation would be rectified and judicially-ordered release would not be necessary.  *Jones*, 2020 WL 1643857, at *14-15.

On April 9, 2020, this Court found that the respondents' proposed measures to facilitate "social distancing" would be sufficient to remedy the previously-identified Due Process violation.  Accordingly, it granted the petitioners' motions for temporary restraining orders only in part.  *Jones*, Docket Item 71; *Ramsundar*, Docket Item 12. And on April 27, 2020, this Court converted the temporary restraining order into a preliminary injunction. *Jones*, Docket Item 89; *Ramsundar*, Docket Item 27.  The Court's

orders enjoined the respondents "from denying any of the following 'social distancing' and other protective measures" to the petitioners "who met the CDC's criteria for vulnerability to COVID-19": "placement in single-occupancy cells; accommodation to eat meals in those cells and to bathe and shower in isolation; the provision, without charge, of sufficient shower disinfectant, masks, and ample soap; and the requirement that all BFDF staff and officers wear masks *whenever* interacting with these petitioners." *Jones*, Docket Item 89 at 9-10; *Ramsundar*, Docket Item 27 at 9-10.

On April 29, 2020, the respondents provided this Court with a status update in which they asserted their compliance with the terms of the preliminary injunction. *See Jones*, Docket Item 91; *Ramsundar*, Docket Item 28. But the Court also received over twenty affidavits and declarations from the petitioners and witnesses on their behalf disputing this assertion. *See Jones*, Docket Items 60-68, 75-82, 85, 87, 90; *Ramsundar*, Docket Items 11, 23-24. The Court therefore held an evidentiary hearing via videoconference on May 13, 2020, to address the respondents' alleged noncompliance. Jeffrey Searls, Officer in Charge of BFDF, testified on behalf of the respondents. *Jones* petitioner Brathwaite, *Ramsundar* petitioners Antonio Espinoza and Shane Ramsundar, and non-party detainee Christian Diaz Arvelo testified on behalf of the petitioners. This Court reserved decision, and each side submitted post-hearing briefing. *See Jones*, Docket Items 105-06; *Ramsundar*, Docket Items 42, 43.

## DISCUSSION

### A. Isolated Bathing

The petitioners first allege that the respondents are not complying with this Court's order that the vulnerable petitioners be "accommodat[ed] to . . . bathe and

3

shower in isolation." *See Jones*, Docket Item 106 at 5-6; *Ramsundar*, Docket Item 43 at 5-6 (citing *Jones*, Docket Item 89 at 9-10; *Ramsundar*, Docket Item 27 at 9-10). The petitioners point specifically to evidence that the bathing schedule proposed by the respondents no longer was displayed within the petitioners' housing unit. *Id.* at 5 (citing *Jones*, Docket Item 91 at 3). But the respondents' abandonment of a policy it proposed independently does not, in and of itself, demonstrate noncompliance. Nor did any of the petitioners' witnesses testify that they were unable to bathe in isolation. Accordingly, the Court finds that the respondents are not disregarding this portion of the preliminary injunction, and no remedial measures are warranted.

### B. Soap Provision

The petitioners next allege that the respondents are not complying with this Court's order that the respondents "provi[de], without charge, . . . ample soap." *See Jones*, Docket Item 106 at 7-8; *Ramsundar*, Docket Item 43 at 7-8 (citing *Jones*, Docket Item 89 at 9-10; *Ramsundar*, Docket Item 27 at 9-10). The petitioners specifically allege that the "one or two bars of hotel-sized soap [given to detainees] each Monday" is insufficient to last the entire week. *See id.* But the question is not whether those two bars suffice. The question is whether the petitioners are denied additional soap if they use up those two bars. And on that question, the witnesses testified that they neither were denied additional bars of soap, nor were they ever without soap given the constant supply of liquid soap in the housing unit common area. Again, the Court finds that the respondents are not disregarding this portion of the preliminary injunction, and no remedial measures are warranted.

4

### C.     Social Distancing

Finally, the petitioners allege that the respondents are not, as a general matter, facilitating the vulnerable petitioners' ability to socially distance.  *See Jones*, Docket Item 106 at 9-12; *Ramsundar*, Docket Item 43 at 9-12.  More specifically, the petitioners claim that "social distancing inside [their] housing units is an illusion" because "only about four or five detainees wear masks, meals are still served communally, and no one stays apart from one another during the times they are out of their cells."  *Id.* at 9.  Once again, this Court does not find that the respondents are defying any aspect of the preliminary injunction.  To the contrary, the witnesses testified that staff wear masks at all times, that the vulnerable petitioners may eat meals in their cells if they so choose, and that they are able to maintain six feet of distance between and among themselves and others (albeit not without making some personal sacrifices).

But the Court also finds that based on recently-revised guidance from federal and state executive officials, three amendments to the preliminary injunction are warranted. This Court's order in *Jones* identified the Due Process violation as deriving from the fact that the social distancing "measure[s] that the government has forcibly—under threat of civil penalties—*imposed* on all persons within its jurisdiction cannot, at the same time, be forcibly denied to some portion of that population."  2020 WL 1643857, at *12.  The Governor of New York, Andrew Cuomo, has updated prior directions to order: "[A]ny individual who is over age two and able to medically tolerate a face-covering shall be required to cover their nose and mouth with a mask or cloth face-covering when in a public place and unable to maintain, or when not maintaining, social distance."  N.Y. Exec. Order No. 202.17 (Apr. 15, 2020), https://www.governor.ny.gov/sites/governor.ny.gov/files/atoms/files/EO_202.17.pdf.

The CDC has recommended the same. *See Recommendations for Cloth Face Covers*, Ctrs. For Disease Control and Prevention (Apr. 3, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/cloth-face-cover.html ("[COVID-19] can spread between people interacting in close proximity—for example, speaking, coughing, or sneezing—even if those people are not exhibiting symptoms.  In light of this new evidence, CDC recommends wearing cloth face coverings in public settings where other social distancing measures are difficult to maintain (*e.g.*, grocery stores and pharmacies) **especially** in areas of significant community-based transmission." (emphasis in original)).

During the hearing, respondent Searls testified that masks are available for all detainees but that they are required to wear them only when outside their housing units.  He further testified that the detainees have been advised, via English and Spanish-language signs, about the CDC's "social-distancing" guidance, including its recommendations that all persons wear masks when not able to maintain a distance of six feet from others.  The signs were removed at some point—possibly by BFDF employees, possibly by detainees—but were reposted the day of the hearing.  *See Jones*, Docket Item 106 at 10; *Ramsundar*, Docket Item 43 at 10.

This Court is concerned that the vulnerable petitioners remain at risk not due to actions taken independently on the part of the other detainees—which likely is beyond this Court's control—but instead due to the respondents' not providing critical public health guidance in a format accessible to all detainees.  As the CDC has noted, the use of masks and maintaining six feet of distance is intended to protect *others*, as COVID-19 is believed to spread through respiratory droplets.  The respondents therefore must

take steps if not to require, then to facilitate and encourage, all detainees to use masks whenever they are within six feet of others, particularly the vulnerable petitioners. The respondents have taken an important step toward facilitating this measure by providing all detainees with masks—even though this Court did not order that step—but at the very least more must be done to ensure that all detainees understand *why* they should use those masks.

  Accordingly, within one week of the date of this order, the respondents are ordered to post signs throughout the facility in English, Spanish, and any other language necessary to communicate the information to substantially all detainees at BFDF, advising detainees about the importance of, and providing guidance with respect to, wearing masks and maintaining six feet of distance to protect others from asymptomatic transmission. *See, e.g.*, *What you should know about COVID-19 to protect yourself and others*, Ctrs. for Disease Control and Prevention (Apr. 15, 2020), https://www.cdc.gov/coronavirus/2019-ncov/downloads/2019-ncov-factsheet.pdf; *How to Protect Yourself and Others*, Ctrs. for Disease Control and Prevention (May 5, 2020), https://www.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention-H.pdf. The respondents also shall post or otherwise provide detainees with written copies of all prior and future executive orders issued by Governor Cuomo concerning COVID-19 (202–202.31) in all languages available on the New York State website (Bengali, Mandarin, Haitian-Creole, Korean, Russian, and Spanish). *See* Executive Orders, Office of the Governor (last visited May 18, 2020),

https://www.governor.ny.gov/executiveorders.  The respondents shall include updates on these information dissemination efforts in their weekly status reports.

Finally, the respondents shall conduct biweekly COVID-19 testing of all consenting detainees housed in the vulnerable detainees' units.  As noted above, this Court likely cannot compel all detainees to wear masks at all times, a reality which heightens the vulnerable detainees' risk of infection given that other detainees move in and out of the housing units for court appearances and other matters.  The respondents shall include the test results in their weekly status reports.  If testing availability or some other factor makes this impossible or impractical, the respondents may petition the Court for relief from this requirement.

## ORDER

In light of the above, IT IS HEREBY

ORDERED that the preliminary injunction entered April 27, 2020, *Jones*, Docket Item 89; *Ramsundar*, Docket Item 27, is amended to require the respondents, within one week of the date of this order, to post signs throughout BFDF in English,  Spanish, and any other language necessary to communicate the information to substantially all detainees at BFDF, advising detainees about the importance of, and providing guidance with respect to, wearing masks and maintaining six feet of distance to protect others from asymptomatic transmission; and it is further

ORDERED that the preliminary injunction entered April 27, 2020, *Jones*, Docket Item 89; *Ramsundar*, Docket Item 27, is amended to require the respondents, within one week of the date of this order, to  post or otherwise provide detainees with written copies of all prior and future executive orders issued by Governor Cuomo concerning

COVID-19 (202–202.31) in all languages available on the New York State website (Bengali, Mandarin, Haitian-Creole, Korean, Russian, and Spanish); and it is further

ORDERED that the preliminary injunction entered April 27, 2020, *Jones*, Docket Item 89; *Ramsundar*, Docket Item 27, is amended to require the respondents to conduct biweekly COVID-19 testing of all consenting detainees housed in the vulnerable detainees' units; and it is further

ORDERED that the preliminary injunction entered April 27, 2020, *Jones*, Docket Item 89; *Ramsundar*, Docket Item 27, is amended to require that information on the following be included in the respondents' weekly status updates: (1) posting of language-accessible signage; (2) posting or provision of language-accessible copies of executive orders; and (3) for each unit, the total number of positive and negative COVID-19 tests.

SO ORDERED.

Dated:    May 20, 2020
         Buffalo, New York

                                        */s/ Hon. Lawrence J. Vilardo*
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE