UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VERNON JONES, *et al.*

                Petitioners,

      v.                                                                           20-CV-361 LJV

ALEJANDRO MAYORKAS, in his official capacity as
Secretary of the Department of Homeland Security, *et al.*,

                Respondents.
_____

## I.   Introduction

The Court has ordered Respondents to transport detainees at the Buffalo Federal Detention Facility ("BFDF") to locations outside the BFDF for COVID-19 vaccinations. *See* Docket Item 190. This Order prohibits the disclosure of appointment details— including the date, time or location ("vaccination appointment information")—to any person other than as provided below.

This Order is made pursuant to this Court's authority under Federal Rule of Civil Procedure 26(c), and applies to the matters of *Jones v. Mayorkas*, bearing case number 20-CV-00361 and *Ramsundar v. Mayorkas,* bearing case number 20-CV-00584.

## II.   Purpose, Scope, and Limitations of Protective Order

1. The purpose of this Protective Order is to protect detainees, the officers transporting them, and the general public during the process of facilitating the vaccination of detainees. A further purpose is to safeguard the Government's concerns regarding the risks of flight and danger to the community that some detainees pose.

2. To this extent, this Protective Order prevents disclosure by Petitioner's counsel of any vaccination appointment information to any person not authorized to receive it.

3. For vaccinations requiring a second dose, an appointment may be made during the initial vaccination appointment. This Protective Order shall apply to such second-appointment information, and all parties shall endeavor to the best of their ability not to disclose the vaccination appointment information for the second dose to any unauthorized person or in any unauthorized manner. This Protective Order further applies if any detainees require booster or other subsequent vaccinations for COVID-19.

4. Because some detainees at the BFDF have criminal histories, gang affiliations, violent pasts, histories of fraud, histories of flight, or other indications that may make them a risk of flight or a danger to the community, vaccination appointment information shall not be provided to them. Such vaccination appointment information shall not be provided to any person except as authorized by this Protective Order.

5. Some detainees are former gang members, or claim to be members of a persecuted group, which may also make them subject to retribution outside of the BFDF.

6. Additionally, even where a detainee presents no risk of flight or danger to the community, certain risks might jeopardizes the safety of the detainees, the officers transporting them, and the general public who may be present at any vaccination site, or at any location of travel between the BFDF and the vaccination site.

7. This Protective Order applies to date, time and location information pertaining to vaccination appointments for detainees, whether before or after this Order is entered. This Order binds the Parties and their agents, successors, personal representatives, and assignees.

8. Nothing in this Protective Order supersedes existing independent statutory, law enforcement, national security, or regulatory obligations, and this Protective Order does not prohibit or absolve the Parties from complying with such obligations.

9. This Protective Order governs the disclosure, use, and handling of all vaccination appointment information, regardless of the format or medium in which such vaccination appointment information is generated, stored, or maintained.

10. Neither the termination of this Action nor the termination of employment of any person who has had access to any vaccination appointment information shall relieve such person of his or her obligations under this Protective Order, which shall survive.

11. Any party may at any time seek modification of this Order by agreement or, failing agreement, by motion to the Court.

**III.   Disclosure, Use, and Handling of Vaccination Appointment Information**

1. Counsel of record are responsible for employing reasonable measures, consistent with this Protective Order, to control access to and secure distribution of vaccination appointment information.

2. Vaccination appointment information shall only be disclosed, summarized, described, characterized, or otherwise communicated or made available in whole or in part to the following:

    a. Counsel for the Parties, including associated personnel necessary to assist counsel in this Action, such as litigation assistants, paralegals, and litigation support, or secretarial;

    b. Current employees of the Parties who are assisting with this Action;

    c. Litigation support professionals necessary to litigation in this Action;

      d.      Government employees their contractors, agents, employees, and anyone else needed to facilitate transportation and security of detainees to their vaccination appointments;

      e.      Any other government employees for whom disclosure is necessary to facilitate vaccination of detainees; and

      f.      This Court (including any judicial officer to whom this Court may refer this matter for settlement purposes) and Court staff personnel, including persons recording or transcribing testimony or argument at a conference, hearing, or appeal in this Action.

3. Persons receiving vaccination appointment information pursuant to the terms of this Protective Order are prohibited from disclosing it to any person except in conformance with this Protective Order.

## IV. Filing Vaccination Appointment Information with the Court

1. This Protective Order does not, by itself, authorize the filing of any document under seal. Documents containing vaccination appointment information may not be filed under seal unless sealing is authorized by a separate order under applicable law, including Local Rule of Civil Procedure 5.3.

2. If a party wishes to file vaccination appointment information in the public record, or to disclose vaccination appointment information in open court, the party must advise opposing counsel at least three business days before the document is to be filed or the information is to be disclosed, so that opposing counsel may move the Court to require the document to be filed under seal or for other appropriate relief. If the disclosing party requests that the Court permit the document to be filed under seal within the three business days specified, the filing party may not file the document containing vaccination appointment information until the Court rules on the disclosing party's request.

## V. Disclosure of Vaccination Appointment Information

1. If a party learns that it, or a person to whom it has disclosed vaccination appointment information in accordance with this Protective Order, has disclosed vaccination appointment information to any person or in any circumstance not authorized under this Protective Order, by inadvertence or otherwise, the party shall, upon learning of the unauthorized disclosure:

   a. promptly notify the person(s) to whom the unauthorized disclosure was made that the unauthorized disclosure contains vaccination appointment information subject to this Protective Order;

   b. promptly make all reasonable efforts to prevent further unauthorized disclosures of the vaccination appointment information, including requesting the person who received the unauthorized disclosure to agree to be bound by the terms of this Protective Order by executing a declaration in the form attached as "Exhibit A"; and

   c. as promptly as possible notify all parties of the identity of the person(s) to whom the unauthorized disclosure was made, the circumstances surrounding the disclosure, and the steps taken to prevent any further disclosure of the vaccination appointment information that was the subject of the unauthorized disclosure.

2. Upon learning of the unauthorized disclosure of vaccination appointment information to any person, by inadvertence or otherwise, Petitioner's counsel shall cancel any vaccination appointment for which vaccination appointment information was disclosed, and reschedule an appointment for the subject detainee(s), unless otherwise directed by the Court.

SO ORDERED:

_____
Hon. Lawrence J. Vilardo

Dated:   March 18, 2021